UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAMEKA CAGE                                                 CIVIL ACTION NO.

VERSUS                                                      26-540-JWD-EWD

EAST BATON ROUGE PARISH
HOUSING AUTHORITY, ET AL.

## ORDER

Before the Court is a "Motion for Judicial Notice of State Court Records and Related Exhibits,"[1] filed by Dameka Cage ("Plaintiff"). The Motion will be denied. Plaintiff filed her Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (the "Complaint") on a form document on May 15, 2026 against several defendants.[2] Through the Motion, Plaintiff asks this Court to take judicial notice of certain documents attached to the Motion under Federal Rule of Evidence 201. The Motion will be denied without prejudice.

The documents attached to Plaintiff's Motion are not attached to, referenced in, or made a part of, the Complaint. Although judicial notice may be taken at any stage of the proceeding,[3] courts may only take judicial notice of an "adjudicative fact" if that fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."[4] Courts may also take judicial notice of matters of public record, such as a

---

[1] R. Doc. 2. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1. In the caption of the Complaint, Plaintiff's name is listed with a statement underneath that says, "proceeding under pseudonym motion." There is no motion pending in the document of this case for Plaintiff to proceed under a pseudonym.

[3] Fed. R. Evid. 201(d).

[4] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *see also* Fed. R. Evid. 201(b).

Certified mail # 9589 0710 5270 2540 7315 40

complaint filed in a separate state-court lawsuit.[5] Typically, a court should only take judicial notice of facts "'sparingly at the pleadings stage.'"[6]

While Fed. R. Evid. 201(d) provides that the court may take judicial notice at any stage of the proceeding, Rule 201(e) also requires that a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. No defendant has appeared or been served with process in this case, which was just filed a few days ago. Accordingly, Plaintiff's request for the Court to take judicial notice of adjudicative facts is premature because no defendant has been provided notice or an opportunity to be heard on the issue. The denial is without prejudice to Plaintiff reurging the Motion at an appropriate time, after all defendants have appeared in the case. However, Plaintiff is advised that the Court docket is not a place to store evidence. The parties will have an opportunity to present evidence to the Court, but evidence must be presented in this case consistent with the requirements of the Federal Rules of Evidence, Federal Rules of Civil Procedure, and the Court's Local Civil Rules, and should be presented either in connection with motions (specific requests for relief), or at trial.[7] Plaintiff is further advised that, to ensure notice and an opportunity to be heard on all issues, no substantive relief will be granted in this case until the named defendants have appeared.

---

[5] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

[6] *Reneker v. Offill*, No. 08-1394, 2010 WL 1541350, at *5 (N.D. Tex. Apr. 19, 2010), quoting *Victaulic Co. v. Tieman,* 499 F.3d 227, 236 (3rd Cir. 2007).

[7] *See, e.g.*, *Hayes v. Bruno*, No. 14-1203, 2015 WL 13642422, at *1 (D. Conn. Feb. 11, 2015) ("The court is not a repository for evidence the plaintiff may need to present in the future."); *Perez v. Junious*, No. 14-458, 2014 WL 7012370, at *4 (E.D. Cal. Dec. 11, 2014) (explaining that the court is not a repository for the parties' evidence, and that evidence need not be submitted until it is necessary to resolve a motion); *Wilson v. City of Selma*, No. 11-478 2012 WL 3263752, at *5 n.7 (S.D. Ala. July 17, 2012) (explaining that the court is not a repository for evidence, and that evidence is "typically" filed with the court "at summary judgment or at trial."); *Chapman v. Raemisch*, No. 05-1254, 2008 WL 2961721, at *1 (E.D. Wis. July 31, 2008) ("The court is not a repository for medical records. Rather, both plaintiff and defendant will have the opportunity to present pertinent portions of plaintiff's medical records to me. Those opportunities must be consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure, and will come either in support of or in opposition to dispositive motions, or at trial, if this case is not resolved on a dispositive motion.").

Therefore,

**IT IS ORDERED** that the "Motion for Judicial Notice of State Court Records and Related Exhibits,"[8] filed by Plaintiff Dameka Cage is **DENIED WITHOUT PREJUDICE** as premature as no defendant has appeared in the case. The denial is without prejudice to Plaintiff reurging the request for relief at an appropriate time and in an appropriate manner, after all defendants have appeared in the case, so that the defendants may be provided proper notice and an opportunity to be heard.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide this Order to Plaintiff Dameka Cage by regular mail and by certified mail, return receipt requested, at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on May 18, 2026.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 2.